UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

NATHANIEL GURLEY,

        Petitioner,

    -v-                            No. 07 Civ. 10942  (LTS)(JCF)

JOHN B. LEMPKE,

        Respondent.

------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2 3 SEP 2011

### MEMORANDUM ORDER

On January 13, 2011, Magistrate Judge Francis issued a Report and Recommendation ("Report") recommending that the November 6, 2007, petition of Nathaniel Gurley ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. Timely objections to the Report were received from Petitioner.

    Petitioner was convicted of three counts of second-degree assault and one count of third-degree possession of stolen property. His conviction was affirmed by the New York state Supreme Court, Appellate Division. His subsequent application to the New York Court of Appeals for leave to appeal was denied. Thereafter, Petitioner moved to vacate his sentence under N.Y.C.P.L § 440.20, claiming that the sentence had been "imposed in violation of the Jury Clause of the Six Amendment" and that he had received ineffective assistance of counsel at sentencing. That motion was denied.

    Petitioner here seeks relief from his May 15, 2003, judgment of conviction and his August 18, 2003, sentencing. In his objection to the Report, Petitioner reiterates five of the six claims made in his original petition. He contends that Judge Francis erred in rejecting the

Copies mailed/faxed to ___ Plaintiff
Chambers of Judge Swain   9-23-11

following claims: (1) that his Sixth Amendment rights were violated when he was sentenced as a persistent felony offender based on facts never determined by the jury; (2) that improper comments by the prosecutor in summation violated his due process rights; (3) that he was arrested without probable cause and that evidence flowing from that arrest was admitted at trial in violation of the Fourth Amendment; (4) that there was insufficient evidence to support his conviction on one count of second degree assault; and (5) that evidence of an uncharged crime was improperly introduced at his trial.

In reviewing the Report, the Court "may accept reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.A. § 636(b)(1)(c) (West 2009). The Court is required to make a de novo determination as to the aspects of the Report to which specific objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error. See Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings); Schoolfield v. Dep't of Corr., No. 91 Civ. 1691, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (objections stating the magistrate judge's decisions are wrong and unjust, and restating relief sought and facts upon which complaint was grounded, are conclusory and do not form specific basis for not adopting report and recommendation). Objections to a report must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82.

Petitioner's objection to the Report merely elaborates on some of the claims in his habeas petition.  Accordingly, clear error review is warranted.  Nonetheless, the Court has conducted a de novo review of those aspects of the Report to which objections have been made and finds Judge Francis's thorough and thoughtful analysis to be entirely correct.  The Court has also reviewed the remaining aspects of the Report's analysis and finds no clear error.

For the foregoing reasons, the Court adopts the Report in its entirety and the petition for a writs of habeas corpus is denied.  The Clerk of the Court is respectfully requested to enter judgment accordingly and close this case.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and accordingly, any application to proceed on appeal in forma pauperis is denied.  See Coppedge v. United States, 369 U.S. 438, 444 (1962).

SO ORDERED.

Dated: New York, New York
       September 23, 2011

LAURA TAYLOR SWAIN
United States District Judge